<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4676**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KRISSY LYNETTE ROBINSON,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:12-cr-00343-TDS-2)

———————

Submitted:  March 10, 2014         Decided:  March 26, 2014

———————

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Rebecca Fitzpatrick, Special Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Krissy Lynette Robinson appeals from her twenty-four month sentence entered pursuant to her guilty plea to possession with intent to distribute cocaine base. On appeal, she contends that her sentence is both procedurally and substantively unreasonable because the court failed to consider all of her arguments for a more lenient sentence. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. When reviewing for substantive reasonableness, we presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 347 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In explaining a sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). The district court must provide sufficient explanation to "demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (quoting Rita, 551 U.S. at 356). "The context surrounding a district court's explanation may imbue it with enough content for [this court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006).

As Robinson actually received the sentence that she requested at sentencing, the parties agree that the issue of whether the district court's explanation of a sentence was sufficient is reviewed for plain error. See Lynn, 592 F.3d at 578 (requiring a defendant to argue for a sentence other than that imposed in order to preserve claim of error). We conclude that the district court properly responded to Robinson's sentencing arguments and thoroughly explained the chosen sentence. Although the court did not explicitly address each statement raised in Robinson's counsel's argument, the court

clearly demonstrated that it had considered the entire case in detail. The court explained that it determined that a sentence at the low end of the advisory Guidelines range was appropriate by balancing the serious nature of the offense against Robinson's lack of criminal history and relatively young age. The court's explanation demonstrated a reasoned consideration of the § 3553 factors along with the advisory Guidelines range.

As such, Robinson cannot show plain error in the district court's consideration and explanation of her sentence. She received the sentence she requested, and she makes no reasonable argument that further explanation by the district court would have resulted in the court's conclusion that a lower sentence was more appropriate. Powell, 650 F.3d at 395 (holding that Powell failed to show plain error given that lack of explanation had no prejudicial affect on his sentence). Moreover, we find that Robinson has failed to overcome the presumption that her sentence at the low end of the advisory Guidelines range is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4